UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

CRIMINAL CASE NO. 07-20167
HON. LAWRENCE P. ZATKOFF

v.

THOMAS L. MERCER

      Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 14, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On September 13, 2007, Defendant pled guilty to Counts 1-30 of the Indictment, without the benefit of a Rule 11 Plea Agreement. On December 11, 2007, the Court held a hearing for purposes of sentencing Defendant. In determining Defendant's sentence, the Court has reviewed and taken into consideration: (1) the information contained in the Presentence Investigation Report ("PSR") for the Defendant, (2) the Government's sentencing memorandum, (3) the objection to the PSR by Defendant, (4) the objection to the PSR filed by the Government, (5) the December 4, 2007, letter from defense counsel, and (6) the statements of defense counsel and government counsel at the sentencing hearing. The Court notes that Defendant elected not to speak on his own behalf at sentencing.

For the reasons set forth below, the Court sentences Defendant to 86 months imprisonment, broken down as follows: (a) 36 months imprisonment on each of Counts 1-23 (with such sentences to be served concurrently to each other), (b) 36 months on each of Counts 24-28 (with such sentences to be served concurrently to each other but consecutive to the sentences imposed for Counts 1-23), and (c) 14 months on Counts 29-30 (with such sentences to be served concurrently to each other but consecutive to the sentences imposed for Counts 1-23 and Counts 24-28). In addition, Defendant shall be subject to 2 years of supervised release for Counts 1-23, 1 year supervised release for Counts 24-28, and 1 year supervised release for Counts 29-30 (for a total of 4 years supervised release) and a $3,000.00 special assessment. All fines and costs of confinement are hereby waived.

## II. OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

In preparing the PSR, the probation department determined that Defendant's Total Offense Level was 21 and that his Criminal History Category was V, for the following reasons. The probation department determined that Defendant had a base offense level of 18. The probation department also concluded that there should be: (1) a two level increase because Defendant was in the business of preparing tax returns, (2) a two level increase because the offense involved sophisticated means, (3) a two level increase because Defendant willfully obstructed justice or attempted to obstruct or impede the administration of justice in this case, and (4) a three level reduction for acceptance of responsibility. As a result, the probation department calculated Defendant's sentencing guideline range for each of the 30 counts to be 36 months, with an overall guideline range of 70-87 months.

**A.     Defendant's Objection to the PSR**

In calculating the base offense level, the probation department calculated that the fraudulent tax returns caused to be filed by Defendant involved a total of $331,478.00, a dollar amount that Defendant does not dispute. The loss amount for the 23 fraudulent returns specified in the Indictment was $149,007.00, however, the probation department also determined that the loss from an additional 29 returns for the same time period should be counted in calculating the loss attributable to Defendant. Although the additional 29 returns were not charged in the Indictment, the probation department concluded that they constituted related conduct. The loss amount for those 29 returns was $182,471.00.

Defendant contends that his base offense level should be 16, not 18, because only those loss amounts related to the returns for which Defendant was charged should have been counted in determining the total loss attributable to Defendant. The Government believes that the probation department correctly determined that the conduct in the 29 additional (non-charged) returns was identical to the conduct described in the Indictment. The Court agrees. The only thing that distinguishes the additional 29 fraudulent returns from the 23 fraudulent returns that were the basis for the Indictment is that Defendant was not indicted on those 29 additional returns. Defendant prepared them during the same time period and used similar means and manners of fraudulent activity. Accordingly, the Court finds that it is appropriate to include the loss amounts from the 29 additional fraudulent returns in calculating the total loss amount. Therefore, the total loss amount would be $331,478.00, and the applicable base offense level is 18.

**B.     Government's Objection to the PSR**

The Government asserts that Defendant was entitled to only a two level reduction for acceptance of responsibility. The Government contends that Defendant did not timely notify the Government of his intention to plead guilty, thereby resulting in the Government spending at least three weeks preparing for trial. The Court notes that the final plea conference for Defendant was on July 10, 2007, at which time Defendant indicated that he would not accept the proposed Rule 11 Agreement and that he would go to trial. On August 14, 2007, the Court set the case for jury selection on September 13, 2007, with trial to begin four days later. On September 7, 2007, less than a week prior to jury selection, the Government and the Court were notified of Defendant's desire to plead guilty. The Government represents that it began to prepare for trial shortly after getting the notice of trial date from the Court, which preparation included interviewing witnesses, filing a motion in limine and preparing its witness and exhibit lists. The Court finds such representations credible and sensible. For the foregoing reasons, the Court agrees with the Government that Defendant is not entitled to a third point for acceptance of responsibility. Accordingly, the Court concludes that Defendant's Total Offense Level is 22.

**C.     Guideline Range**

Based on the conclusions reached above, the Court calculates that Defendant has a Total Offense Level of 22 and a Criminal History Category of V. As a result, the applicable guideline range for Defendant is 77 - 96 months.

**III. SENTENCING FACTORS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553(a) and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Defendant.

**1.     The Nature and Circumstances of the Offenses**

While Defendant was an employee of H&R Block and/or prepared tax returns out of an office in Southfield, he prepared tax returns for many people and caused those returns to be electronically filed. With respect to the returns for which Defendant was indicted (as well as the other 29 related but uncharged returns), Defendant made false and fraudulent statements that decreased the taxpayers' income tax liabilities. More specifically, Defendant filed returns that indicated the taxpayers were eligible to claim deductions for business losses for (a) companies that didn't exist, (b) unreimbursed employee expenses, and (c) tuition and fees. Defendant also inflated or created charitable contributions. Later, when Defendant became aware that the Internal Revenue Service ("IRS") was investigating him, Defendant sent some documents to seven of the taxpayers for whom he had prepared and filed fraudulent returns. This documentation was to help the taxpayers support their fraudulent returns (*e.g.,* information on janitorial services or invoices from janitorial companies documenting business expenses paid by the taxpayer related to the non-existent janitorial business of such taxpayer). Defendant also encouraged those persons to lie to the IRS.

**2.     The History and Characteristics of the Defendant**

This is the third fraud offense for which Defendant has been convicted in the Eastern District of Michigan. In 1989, Defendant was convicted of Bank Fraud in the Eastern District for forging documentation to obtain a $45,000 loan. He was sentenced to three years imprisonment. While on supervised release for that offense, Defendant was convicted in state court of attempting to obtain

5

money by false pretenses and received an additional 12 months. In 1998, Defendant was charged with and convicted of Mail Fraud in the Eastern District as the result of a scheme by which he defrauded various insurance companies with false disability claims. He was sentenced to a total of 65 months custody, of which he served approximately the last three years in a community corrections center and/or under supervised release. Defendant's fraudulent activities in the instant case commenced while he was on supervised release for the Mail Fraud conviction. In addition, Defendant has two convictions for operating a motor vehicle while impaired, the first of which was in 1985 and the most recent of which was in 2006.

**3.  The Seriousness of the Offense**

As discussed above, Defendant (with respect to the instant offenses alone) defrauded the United States and its taxpayers of $331,478.00. Thus, the Court concludes that Defendant's offense is extremely serious.

**4.  Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As discussed above, Defendant has had a steady, yet an ever developing, criminal history over the past 22 years. Obviously, his prior sentences have failed to promote any respect for the law or afford Defendant adequate deterrence to criminal conduct. This is Defendant's third conviction for fraud in the Eastern District of Michigan (plus one fraud-based conviction in state court), and the instant conviction stems from activity that commenced while he was still on supervised release for his Mail Fraud conviction. Thus, it is clear to this Court that Defendant's prior sentences have failed to deter him from committing further crimes. The Court therefore finds that a sentence near the middle of the guideline range is reasonable and necessary to promote respect for the law and afford adequate deterrence for Defendant.

5.  **Protect the Public From Further Crimes of the Defendant**

Defendant has an extensive history of recidivism, as discussed above. Thus, the Court finds that a sentence near the middle of the guideline range is reasonable and necessary to protect the public from further crimes of Defendant.

6.  **Conclusion**

In this case, the Court does not believe the personal circumstances of this Defendant to be different from the typical defendant with Defendant's criminal history who is charged with aiding and assisting the filing of a false tax return and/or obstructing the due administration of Internal Revenue Laws. Accordingly, and for the reasons set forth above, I find that a sentence in the middle of the guideline range is reasonable and appropriate, and a sentence outside the guideline range is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes Defendant's guideline range is 77-96 months and that a sentence in the middle of the guideline range is reasonable and necessary in this case. Therefore, Defendant is sentenced to 86 months imprisonment, which sentence is comprised of: (a) 36 months imprisonment on each of Counts 1-23 (with such sentences to be served concurrently to each other), (b) 36 months on each of Counts 24-28 (with such sentences to be served concurrently to each other but consecutive to the sentences imposed for Counts 1-23), and (c) 14 months on Counts 29-30 (with such sentences to be served concurrently to each other but consecutive to the sentences imposed for Counts 1-23 and Counts 24-28).

As the Court stated at the sentencing hearing, either party shall have the right to file

objections to the sentence imposed by this Court, provided that any such objection must (1) be set forth in writing, (2) be filed with the Court within five days of the date of this Opinion, and (3) not have been raised previously.

    IT IS SO ORDERED.

                                        <u>s/Lawrence P. Zatkoff</u>
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 14, 2007