UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        CASE NO.    07-20167
                                                          09-13350
                                                 HON. LAWRENCE P. ZATKOFF

v.

THOMAS L. MERCER,

    Defendant.
_____ /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 9, 2011

This matter is before the Court on Defendant's Motion to Correct Pre-Sentence Report ("PSR") Pursuant to Rule 35(c) and 36 (Docket #54). Defendant argues that his attorney never went over Defendant's offense level or criminal history category with Defendant. Defendant further argues that the PSR was incorrectly calculated based on clearly erroneous information. The Court finds that, even if what Defendant argues is true, he has asserted no basis for relief.

First, Federal Rule of Criminal Procedure 35 provides that: (1) the Court may correct a sentence that "resulted from arithmetical, technical, or other clear error" if it does so within 14 days of sentencing (Rule 35(a)), or (b) upon a motion by the government within one year of sentencing for substantial assistance by the defendant (Rule 35(b)).[1] As neither the Court nor the Government

---

[1] Rule 35(c) provides, in its entirety: "As used in this rule, 'sentencing' means the oral announcement of the sentence."

has initiated the effort to correct Defendant's sentence (which he attempts to do indirectly by challenging the PSR calculation), Rule 35 does not apply.  Moreover, Defendant was sentenced on December 11, 2007, and amended judgment was entered on January 17, 2008.  The instant motion was filed on March 24, 2011, *i.e.*, over three years after he was sentenced.  As such, the motion is untimely.

Second, Federal Rule of Criminal Procedure 36 provides that a court may correct: (1) "a clerical error in a judgment, order, or other part of the record," or (2) an error "in the record" arising from oversight or omission.  Defendant's motion does not allege a clerical error or any error in the record.  As such, Rule 36 is inapplicable.

Accordingly, and for the reasons set forth above, the Court DENIES Defendant's Motion to Correct Pre-Sentence Report (Docket #54).

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 9, 2011.

S/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290