UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                 Criminal Case No. 07-20167

Thomas L. Mercer,                  Sean F. Cox
                                                         United States District Court Judge

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REOPEN CASE (ECF No. 103)

In 2007, Defendant Thomas L. Mercer—a former tax preparer—pleaded guilty to thirty criminal counts related to filing false tax returns and encouraging his customers to lie to IRS investigators once his fraud was uncovered. Since then, he has made numerous attempts to challenge his sentence and reduce his $331,487 restitution obligation. In his latest motion, he asks the Court to reopen this case so that it can reduce his restitution obligation based on intervening tax payments that his former customers *might* have made. (ECF No. 103). Because Mercer has failed to offer any competent evidence that his former customers *actually have* made the relevant tax payments, the Court will deny this motion.

## BACKGROUND

On April 9, 2007, a grand jury indicted Mercer on twenty-three counts of aiding and abetting the filing of a false tax returns and seven counts of obstruction of due administration of the internal revenue laws. (ECF No. 1). On September 13, 2007, Mercer pleaded guilty to all counts, without a Rule 11 plea agreement. The Hon. Lawrence P. Zatkoff sentenced Mercer to 86 months imprisonment, and ordered that he pay $331,487.00 in restitution. (ECF No. 26).

1

On August 24, 2009, Mercer filed a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 36). One of Mercer's arguments was that the $331,478,000 "tax loss" that his sentence was based on was incorrect because it was not offset by money that the IRS had recovered from the taxpayers at issue. Judge Zatkoff rejected this argument, and denied Mercer's § 2255 motion. (ECF Nos. 44 and 46). Both Judge Zatkoff and the Sixth Circuit declined to issue a certificate of appealability on this or any other issue. (ECF Nos. 46 and 55).

On March 17, 2011, Mercer filed a motion to correct the pre-sentence report. (ECF No. 54) Judge Zatkoff denied this motion. (ECF No. 56). Mercer filed a motion for reconsideration, which he referred to as a "motion for reconsideration of denial to correct PSR and for a reduction in amount of restitution." (ECF No. 60, PageID 302). On October 13, 2011, Judge Zatkoff issued an order, stating "to the extent the issue of restitution has not been addressed since Defendant's sentence was imposed, Defendant's Motion for Reduction in Restitution is DENIED. . ." (ECF No. 62, PageID 309).

On May 24, 2012, Mercer filed a motion to vacate his guilty plea, arguing that Judge Zatkoff abused his discretion in ordering restitution. (ECF No. 71, PageID 333-334). On June 20, 2012, Mercer filed a second motion to vacate his guilty plea, arguing that the amount of tax loss was incorrect. (ECF No. 74, PageID 342). On August 13, 2012, Judge Zatkoff denied both of these motions. (ECF No. 78).

On November 20, 2014, Mercer filed a motion to reduce his restitution, arguing that "[a]ll of the taxpayers assessed by the Internal Revenue Service (IRS) has [sic] fully paided [sic] the amount of the tax assessed them [sic], Total Amount of $331,487.00." (ECF No. 88, PageID 388). On January 14, 2015, Judge Zatkoff denied this motion, concluding that "[t]he code sections relied

2

upon by Defendant, i.e. 18 U.S.C. §3663A(a)(2) and 18 U.S.C. § 3664(j)(2), have no applicability to the argument made, or relief sought, by Defendant." (ECF No. 89, PageID 392).

Mercer appealed the January 14, 2015 Order. In an unpublished order, the Sixth Circuit affirmed the denial of this motion, concluding that Mercer had not offered any evidence that his former customers had paid their taxes:

> Under § 3664(j)(2), "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a federal or state "civil proceeding." Although the language of the statute refers only to amounts recouped in civil proceedings, courts have held that a victim may not recover criminal restitution exceeding the amount of the loss. *See, e.g., United States v. Williams*, 612 F.3d 500, 510 (6th Cir. 2010); *United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002). Thus, the amount of restitution owed to the IRS must be reduced by amounts recovered from taxpayers. *United States v. Smith*, 398 F. App'x 938, 942 (4th Cir. 2010).
>
> The district court did not abuse its discretion by denying Mercer's motion. Mercer did not provide any support for his allegation that the taxpayers that he aided have paid the amount of tax assessed by the IRS. Conclusory statements are not entitled to a presumption of truth and are insufficient to support a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

(ECF No. 94, PageID 404-405).

On December 7, 2015, this case was transferred from Judge Zatkoff to the undersigned.

On August 21, 2017, Mercer filed a motion, challenging the withholding of a portion of his social security payments to pay his restitution obligation. (ECF No. 96). Mercer also sought a preliminary injunction. (ECF No. 97). On October 26, 2017, the Court denied these motions because Mercer had "not identified any legal authority for this Court to reopen this closed criminal case or modify the restitution ordered. . ." (ECF No. 102, PageID 443).

On September 13, 2017, Mercer sued the Financial Litigation Unit of the United States

3

Attorney's Office for the Eastern District of Michigan. (Case No. 17-13019). In this suit, Mercer again sought to prevent the Government from garnishing his social security benefits to pay down his restitution obligation. The Court dismissed this suit, concluding that it was barred by sovereign immunity. (Case No. 17-13019, PageID 87).

On July 10, 2018, Mercer again sued the federal Government to stop its garnishment, this time under the Federal Tort Claims Act. (Case No. 18-12152). The Court dismissed this suit, concluding that Mercer was actually raising constitutional claims that fell outside the purview of the Federal Tort Claims Act and were therefore barred by sovereign immunity. (Case No. 18-12152, PageID 95-96).

On June 17, 2019, Mercer filed the motion that is currently before the Court. (ECF No. 103). In this motion, Mercer again invokes 18 U.S.C. 3664(j)(2), and argues that his restitution obligation should be reduced to the extent that his former clients have paid their taxes. In support of this motion, Mercer attached a photograph that he purports shows an IRS document that assessed a tax debt to one of his former customers for the relevant tax period. (ECF No. 103, PageID 449). This document is illegible.

In response, the Government argues that there is "utterly no reason to believe" that the IRS has collected any of the $331,487 from any of the taxpayers. In reply, Mercer represents that he knows of at least five taxpayers who "entered into IRS payment agreements or paid the assessments off." (ECF No. 106, PageID 464). He then provides names. *Id*.

**ANALYSIS**

As detailed above, this motion is the second time that Mercer has invoked 18 U.S.C. 3664(j)(2) to argue that his restitution should be reduced. The Court's review of the docket and the

4

relevant case law suggests that the premise of Mercer's argument might have merit. The Court bases this conclusion primarily on the following portion of the Sixth Circuit's January 8, 2018 order:

> Under § 3664(j)(2), "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a federal or state "civil proceeding." Although the language of the statute refers only to amounts recouped in civil proceedings, courts have held that a victim may not recover criminal restitution exceeding the amount of the loss. *See, e.g., United States v. Williams*, 612 F.3d 500, 510 (6th Cir. 2010); *United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002). **Thus, the amount of restitution owed to the IRS must be reduced by amounts recovered from taxpayers**. *United States v. Smith*, 398 F. App'x 938, 942 (4th Cir. 2010).

(ECF No. 94, PageID 404-405) (emphasis added); *see also United States v. Al-Suqi*, 2013 WL 5755613 at *4 (E.D. Va. 2013) (concluding (1) that "[w]hile the IRS will receive full restitution of this amount, it is not entitled to double-recovery;" (2) that the "individual taxpayer clients, while uncharged in the instant action, are nevertheless required to satisfy their outstanding tax liabilities;" and (3) that the restitution payable to the IRS should be offset by any and all amounts collected by the IRS from the taxpayers for tax returns prepared by the defendant); *United States v. Kern*, 2011 WL 346468 at *2 (E.D. Mich. 2011) (in a similar case, ordering the Government to submit a report stating the results of its efforts to collect the tax owed from the taxpayers).

The Government does not seem to dispute the validity of Mercer's argument that his restitution obligations should be offset by any amount that his former customers paid. Rather, it appears to only argues that Mercer has not shown that the customers have paid anything.

Although the Court concludes that Mercer's premise might have merit, it must agree with the Government that there is currently no evidentiary basis to conclude that any of Mercer's former customers have paid any of their tax obligations. The document that Mercer attached to his motion is illegible. And, although Mercer names five customers that he alleges paid their taxes, he does not

5

provide any affidavits from these customers, or any other evidence that would substantiate these allegations. Accordingly, at this time, the Court cannot conclude that Mercer's restitution obligation should be reduced.

## CONCLUSION

As the Sixth Circuit observed in its January 8, 2018 order, conclusory statements are not enough to support a claim. Because Mercer has not offered any competent evidence that his former customers have paid any money that should be credited against his restitution obligation, the Court **DENIES** his motion. (ECF No. 103).

**IT IS SO ORDERED.**

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: September 27, 2019