UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Criminal Case No. 07-20167

Thomas L. Mercer,                  Sean F. Cox
                                                United States District Court Judge

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION TO REOPEN CASE (ECF No. 112).

On September 27, 2019, this Court denied Defendant's motion to reopen this closed criminal case. (ECF No. 107). Defendant filed a notice of appeal of the Court's September 27, 2019 decision. (ECF No. 108). That appeal is currently pending at the United States Court of Appeals for the Sixth Circuit.

On January 16, 2020, Mercer filed a second motion to reopen his case, raising the same arguments that he raised in his first motion. (ECF No. 112). The Government responded, arguing that Mercer's notice of appeal divested this Court of jurisdiction to adjudicate this issue. (ECF No. 113). Mercer filed a reply, arguing that this Court can entertain this motion under Fed. R. App. P. 12.1.

The Court concludes that it currently lacks jurisdiction to decide this motion. As the Sixth Circuit recently reiterated, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Carmen*, 933 F.3d 614, 617 (6th Cir. 2019). Defendant has appealed the Court's decision on a similar motion that addressed the precise issue that he raises now. This Court

lacks authority to decide this motion until the Sixth Circuit decides Defendant's pending appeal.

Rule 12.1 does not change this conclusion. Fed. R. Civ. P. 62.1—Rule 12.1's counterpart for trial courts—provides that "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Court declines to state that it would grant the motion if the Sixth Circuit remanded, or that this second motion raises a substantial issue. Instead, the Court **DENIES** this motion pursuant to Rule 62.1(a)(2).

Moreover, because the Court lacks jurisdiction, it will not consider any motion filed by Defendant that relates to the issue of reducing his restitution based on his former customer's tax payments until the Sixth Circuit renders its decision in his current appeal. Any such motion filed before the Sixth Circuit's decision will be stricken from the docket.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 11, 2020