UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No. 07-20167

Thomas Mercer,                  Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## ORDER GRANTING MOTION (ECF No. 117) AND REDUCING RESTITUTION

Defendant Thomas Mercer moves to reduce the restitution that he owes under his criminal judgment entered in this case. (ECF No. 26). The Government does not oppose a reduction of $4,953.00. Accordingly, the Court will grant Mercer's motion to the extent that his restitution obligation will be reduced from $331,487.00 to $326,534.

This case's extensive history, and Mercer's various collateral attacks on his criminal judgment, was detailed in this Court's Opinion and Order issued on September 27, 2019. (ECF No. 107); *United States v. Mercer*, 2019 WL 4735439 (E.D. Mich., 2019), and the United States Court of Appeals for the Sixth Circuit's Order issued on April 28, 2020. (ECF No. 116). In short, Mercer, a former tax-return preparer convicted of filing false tax returns on behalf of his clients, has repeatedly attempted to reduce the restitution obligation entered against him in connection with his conviction. In his latest motion, he offers evidence that the IRS has recovered relevant tax assessments from one of his former clients, and argues that his restitution should be reduce to account for these recovered funds pursuant to 18 U.S.C. § 3664(j)(2).

As the Sixth Circuit noted during Mercer's latest appeal:

> Under § 3664(j)(2), "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a federal or state "civil proceeding." Although the language of the statute refers only to amounts recouped in civil proceedings, courts have held that a victim may not recover criminal restitution exceeding the amount of the loss. *See, e.g.*, *United States v. Williams*, 612 F.3d 500, 510 (6th Cir. 2010);*United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002). Thus, the amount of restitution owed to the IRS must be reduced by amounts recovered from taxpayers. *United States v. Smith*, 398 F. App'x 938, 942 (4th Cir. 2010).

(ECF No. 116, PageID 506). Mercer bears the burden of proving any offset. *United States v. Sizemore*, 850 F.3d 821, 828 (6th Cir. 2017).

Mercer has offered a sworn affidavit from Willie Mae Mathews, who swear that she was "assessed by the IRS for taxes involving Thomas L. Mercer, and that [she is] currently paying on my assessments by installment payment agreements." (ECF No. 119-2, PageID 525). Documents supporting this affidavit indicate that Mathews has paid $4,953.00.

The Government does not oppose a restitution reduction of $4953. Accordingly, the Court **GRANTS** Mercer's motion to the extent that his restitution obligation is **REDUCED** from $331,487.00 to $326,534.00.

All other aspects of Mercer's criminal judgment remain as imposed. (ECF No. 26).

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 1, 2020